Gregory J. Bevelock
DECOTIIS, FITZPATRICK, COLE & WISLER LLP
Glenpointe Centre West
500 Frank W. Burr Blvd
Teaneck, New Jersey 07666
(201) 928-1100

Andrew P. Zappia
NIXON PEABODY LLP
Clinton Square, P.O. Box 31051
Rochester, New York 14603
(585) 263-1600
*Attorneys for Plaintiff AMR Technology Inc.*

### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| AVENTIS PHARMACEUTICALS INC. and AMR TECHNOLOGY, INC., <br><br> Plaintiffs, <br><br> v. <br><br> TEVA PHARMACEUTICALS USA, INC., AMINO CHEMICALS LTD., DIPHARMA S.P.A., and DIPHARMA FRANCIS, S.R.L., <br><br> Defendants and Counterclaimants, <br><br> v. <br><br> AVENTIS PHARMACEUTICALS INC., AMR TECHNOLOGY, INC., and ALBANY MOLECULAR RESEARCH, INC., <br><br> Counterclaim Defendants. | Civil Action No. 04-1078(JAG) |

### ORDER

THIS MATTER having come before the Court by DeCotiis, Fitzpatrick, Cole & Wisler LLP attorneys for Plaintiff AMR Technology, Inc. ("AMR"), upon Motion to Seal Confidential Documents pursuant to L. Civ. P. 5.3(c) [Docket Entry # 168]; and the Court having previously

1828852-01                                          1

entered a Protective Order on September 8, 2003; and Gregory J. Bevelock, Esquire, counsel for AMR stating that the letter "contains information designated by Teva Pharmaceuticals USA Inc. ('Teva') as 'Confidential'" and that, "[u]pon information and belief, it is AMR's understanding that Teva would claim it would suffer substantial and specific harm, including but not limited to, potential financial damage, damage to business relationships, and/or other irreparable harm should any of the proprietary, commercial, and/or confidential" be disclosed in contravention of the terms of the September 8, 2003, Protective Order; and no opposition having been filed; and the Court finding that the document in question does contain confidential information; and the Court further finding that Teva could suffer financial harm should the information in question not be sealed; and the Court further finding that no less restrictive alternative exists; and the Court having reviewed AMR's submission; and the Court having considered this matter pursuant to Fed. R. Civ. P. 78; and for good cause shown;

IT IS, on this __4__ day of ~~May,~~ July, 2007,

ORDERED that Plaintiff AMR's Motion to Seal the April 30, 2007, letter to the Honorable Madeline Cox Arleo [Docket Entry # 169] is Granted.

_____
**MADELINE COX ARLEO, U.S.M.J.**